NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000505**
**15-JUN-2018**
**08:07 AM**

CAAP-17-0000505

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


UNITED GUARANTY RESIDENTIAL INSURANCE
COMPANY OF NORTH CAROLINA, Plaintiff-Appellee,
v.
WILLIAM HALEMANO FREDERICK, Defendant-Appellant,
and
GREEN TREE SERVICING LLC, Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-2203-11)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant William Halemano Frederick

(**Frederick**) appeals *pro se* from two June 5, 2017 post-judgment

orders (1) denying Frederick's post-judgment motion to dismiss

Plaintiff-Appellee United Guaranty Residential Insurance Company

of North Carolina's (**United Guaranty**) complaint for foreclosure

(**Order Denying Dismissal**) and (2) denying Frederick's

post-judgment motion to stay the judgment on the decree of

foreclosure (**Order Denying Stay**), which were entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Frederick raises four points of error on appeal. This court construes Frederick's first point of error as primarily challenging United Guaranty's standing to bring this foreclosure action, the second point of error as contending that the Circuit Court abused its discretion in entering the Order Denying Dismissal, the third point of error as contending that the Circuit Court abused its discretion in entering the Order Denying Stay, and the fourth point of error as challenging the Circuit Court's November 1, 2016 Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**) [DKT 4 at 156] and November 1, 2016 Judgment, which entered final judgment on the Foreclosure Decree. [DKT 4 at 166]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Frederick's points of error as follows:

(1) Frederick argues, in essence, that the Foreclosure Decree and Judgment are void and unenforceable under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(4) because United

---

[1]     The Honorable Jeannette H. Castagnetti presided.

Guaranty lacked standing to foreclose on the subject mortgage and because he was not properly served with the complaint.[2]

"[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 139, 254 P.3d 439, 450 (2011) (citation omitted). This court has further explained:

> Determining whether a judgment is void is not a matter of discretion under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of void judgment must be narrowly restricted." Accordingly, "if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned."

Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1319-20 (1990) (citations omitted).

Frederick makes no specific argument in support of what appears to be an assertion that service was not properly made as set forth in the Return and Acknowledgment of Service filed on November 24, 2015. Upon review of the record, we conclude that the Circuit Court did not err in denying relief on this ground.

There is no other challenge based on personal jurisdiction or on due process grounds. The argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction for the purposes of HRCP Rule 60(b)(4). Cf. Mort. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17-18, 304 P.3d 1192, 1198-99 (2013) (holding that in

---

[2] In addition to filing a post-judgment motion to dismiss based on lack of service, Frederick filed a post-judgment motion to quash service. No appeal was taken from the order denying that motion.

3

an appeal from an order confirming the foreclosure sale, mortgagors were precluded from challenging the nominee's standing to bring foreclosure action).[3]   Thus, we conclude that the Circuit Court did not abuse its discretion in denying Frederick relief pursuant to HRCP Rule 60(b)(4).

(2)   In his post-judgment motion to dismiss the complaint, which was filed on March 1, 2017, Frederick made, in essence, the same arguments as addressed above.   Thus, we conclude that the Circuit Court did not abuse its discretion in entering the Order Denying Dismissal.

(3)   Although Frederick asserts that the Circuit Court erred in entering the Order Denying Stay, his arguments are directed more at the contention that the Circuit Court erred in entering the Foreclosure Decree and Judgment.   Frederick did not timely file a notice of appeal, or a tolling motion, from the Judgment.   Therefore, these arguments are not properly before the court in this appeal.   See Hawaii Revised Statutes § 667-51 (2016).

(4)   In his final point of error, Frederick again challenges the Foreclosure Decree and Judgment, which are not before us in this appeal.   Therefore, we conclude that Frederick's further arguments are without merit.

---

[3]   This court reached the same conclusion in Nationstar Mortg. LLC v. Akepa Properties LLC, CAAP-15-0000407, 2017 WL 1401468 at *2-3 (Haw. App. April 19, 2017) (SDO), stating, "lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4)" and "an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction".

For these reasons, we affirm the Circuit Court's June 5, 2017 Order Denying Dismissal and Order Denying Stay.

DATED: Honolulu, Hawai'i, June 15, 2018.

On the briefs:

William Halemano Frederick,
Defendant-Appellant *Pro Se*.

Marvin S.C. Dang,
Amy K. Jackson,
(Law Offices of Marvin S.C.
  Dang, LLLC),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge